**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**WILLIAM EDWARD MADDOX, JR.,**

>Petitioner,

>v.                                    **Crim. Action No.    5:23-CR-9-1
>                                       Civil Action No.     5:24-CV-85**

**USA,**

>Respondent.

## REPORT AND RECOMMENDATION

### I.        INTRODUCTION

On May 6, 2024, William Edward Maddox, Jr. ("petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 5:24-CV-85 Doc. 1; Criminal Action Number 5:23-CR-9-1 Doc. 32].[1]  On July 8, 2024, the respondent filed a response in opposition to the motion, and on August 9, 2024, petitioner filed a reply, as well as a supplement to his reply on August 12, 2024.  The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.  For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the petitioner's motion.

### II.       PROCEDURAL HISTORY

**A. Conviction and Sentence**

On December 18, 2022, petitioner was charged via Indictment in criminal action number 5:22-CR-54 with one count of possession with intent to distribute 50 grams or

---

[1] From this point forward, all document numbers refer to petitioner's criminal action.

more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). Then, on February 2, 2023, petitioner was charged via Information in this case with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).   On February 8, 2023, petitioner appeared before the undersigned and pleaded guilty to the charge in the instant case pursuant to a plea agreement.  The plea agreement included that the United States would move to dismiss all counts brought in case 5:22-CR-54.  *See* [Doc. 9 at 3].  On May 18, 2023, Judge Bailey sentenced petitioner to 188 months imprisonment, and dismissed the sole count brought in 5:22-CR-54.

**B. Appeal**

On May 25, 2023, petitioner filed a Notice of Appeal.  On appeal, the Fourth Circuit noted that his counsel had filed a brief stating that there were no meritorious ground for relief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and that, despite being advised of his right to do so, petitioner did not file a supplemental brief.  The Fourth Circuit found that petitioner's sentence was reasonable and that there were no meritorious grounds for appeal.

**C. Federal Habeas Corpus**

On May 6, 2024, petitioner filed the instant petition.  In his petition, petitioner lists two grounds for relief, both based on ineffective assistance of counsel.  First, petitioner argues that his counsel was ineffective for failing to object to the Presentence Investigation Report or to the sentence based on his sentence being increased due to the purity of the methamphetamine.  Second, he alleges that his trial counsel "misinformed

petitioner that he had no right to appeal" and that counsel was ineffective by refusing to file a motion to suppress evidence.  [Doc. 32 at 6].

### III.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'"  **Beyle v. United States**, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)).  "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id*. (quoting **United States v. Addonizio**, 442 U.S. 178, 185 (1979)).  "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence."  *Id*. (citing **Miller v. United States**, 261 F.2d 546, 547 (4th Cir. 1958)).  "If he satisfies that burden, the court may vacate, set aside, or correct the sentence."  *Id*. (citing 28 U.S.C. § 2255(b)).  "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion."  *Id*. (citing **Raines v. United States**, 423 F.2d 526, 529 (4th Cir. 1970)).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV.    ANALYSIS

Criminal defendants have a Sixth Amendment right to effective legal assistance. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984).  To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: first, he must show both that counsel's performance fell below an objective standard of reasonableness and, second, that he was prejudiced by counsel's alleged deficient performance.  ***Id***. at 669.

When considering the performance prong of ***Strickland***, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  ***Id***. at 689; *see also* ***Gray v. Branker***, 529 F.3d 220, 228–29 (4th Cir. 2008). This first prong requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" ***Lewis v. Wheeler***, 609 F.3d 291, 301 (4th Cir. 2010) (quoting ***Strickland***, 466 U.S. at 688).  The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time."  ***Strickland***, 466 U.S. at 689.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential."  ***Strickland***, 466 U.S. at 689.  When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced."  ***Bunch v. Thompson***, 949 F.2d 1354, 1363 (4th Cir.1991).

To satisfy the prejudice prong of ***Strickland***, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the

proceeding would have been different.  *Id*. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  This second prong requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial.  ***Strickland***, 466 U.S. at 687.  If it is clear the petitioner has failed to satisfy either prong of the Strickland standard, a court need not inquire into whether he satisfied the other.

**A.    Petitioner is unable to show his counsel was ineffective for failing to object to the guideline calculation because defense counsel made the same argument petitioner is proposing.**

In Ground One, petitioner argues that his counsel was ineffective for failing to object to the Presentence Investigation Report and sentence because petitioner was sentenced "for actual meth, but he pleaded guilty to a mixture of meth."  [Doc. 32 at 5]. Petitioner argues that his Sentencing Guidelines were improperly calculated by considering the purity of methamphetamine; petitioner argues that "methamphetamine purity is no longer an accurate indicator of the defendant's role in the drug trafficking conspiracy."  [Doc. 32-1 at 6].  Petitioner argues that his sentence should have been calculated without considering the purity of the methamphetamine, which would have resulted in a significantly lower Guideline range.  [Id. at 7].  Thus, he contends that his counsel should have objected on this ground.  [Id.].

In a Sentencing Memorandum, defense counsel argued that drug purity as a proxy for culpability overstated the guideline range for petitioner.  [Doc. 11].  And at sentencing, although defense counsel did not object to the Court's guideline findings, counsel did argue that the Court should impose a sentence below the Guidelines because pure methamphetamine was sentenced too harshly:

Mr. Kornbrath:    Your Honor, I'll just briefly touch upon some of the points we outlined in the defendant's memorandum in support of sentencing. The guidelines are generated by the pure meth here. It's the only kind we get here in West Virginia. Courts across the country are recognizing that perhaps it's being treated too harshly. We'd ask the Court to take that into consideration.

Purity of methamphetamine does not equal culpability anymore. Everything has been pure for about the last six or eight years. . . .

[Doc. 26 at 6–7]. Thus, the undersigned finds that petitioner is unable to show ineffective assistance of counsel. Petitioner is unable to meet the performance of *Strickland* because defense counsel made the very argument petitioner contends he ought to have raised. Further, to the extent petitioner argues defense counsel should have objected to the guideline findings rather than simply argue in favor of a lower sentence, he is unable to meet the prejudice prong of *Strickland* because the Court explicitly rejected this argument. *See* [Doc. 26 at 11–12].

## B.    Petitioner is unable to show that his counsel was ineffective for failing to file a motion to suppress challenging the search of his vehicle.

In Ground Two, petitioner alleges his counsel was ineffective by refusing to file a motion to suppress. [Doc. 32 at 6]. Petitioner argues that the search of his vehicle was not supported by probable cause and that counsel's performance was unreasonable by failing to challenge this evidence. [Doc. 32-1 at 8–10]. He further alleges that counsel misinformed him that he had no right to file a suppression motion. [Id. at 10].

To the extent petitioner alleges his counsel refused to file a suppression motion or that petitioner was misinformed about his right to file a suppression motion, these allegations are directly contradicted by petitioner's own statements on the record. Petitioner informed the undersigned that defense counsel had done everything petitioner had asked of him:

> The Court:     Mr. Maddox, sir, do you believe that you've had an adequate amount of time to discuss your case fully with Mr. Kornbrath?
>
> The Defendant:      Yes.  I'm very satisfied with his representation.
>
> The Court:     Okay.  Has he been able to answer your questions about how best to proceed in this case?
>
> The Defendant:      Yes, sir.
>
> The Court:     Is there anything that he has not done which you've asked him to do?
>
> The Defendant:      No, sir.

[Doc. 25 at 7–8].  Likewise, petitioner indicated he understood that he had a right to file a motion to suppress:

> The Court:     Do you understand that by pleading guilty, you are giving up the right to call witnesses except at your sentencing hearing?
>
> The Defendant:      Yes, sir.
>
> The Court:     Do you understand that you would have had the right to move to suppress or, in other words, to keep away from the jury's hearing and consideration any evidence of any nature that has been illegally or unlawfully obtained?
>
> The Defendant:      Yes, sir.

[Id. at 33].  "[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'"  *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).  Thus, the undersigned concludes defense counsel did not "refuse" to file a suppression motion, and assuming, *arguendo*, that petitioner was improperly advised that he could not file a suppression motion, he is unable to show he was prejudiced by this advice.

Turning to petitioner's argument that it was ineffective assistance of counsel for defense counsel to fail to file a suppression motion challenging the search warrant, the undersigned finds petitioner is unable to meet the performance prong of **Strickland**.  As the Fourth Circuit has explained,

> When a person claims ineffective assistance based on counsel's failure to file a suppression motion, we apply a "refined" version of the **Strickland** analysis. [**Grueninger v. Director, Va. Dep't of Corr.**, 813 F.3d 517, 524 (4th Cir. 2016)]. With respect to the performance prong, we ask whether the "unfiled motion would have had 'some substance.'" **Id**. at 524-25 (citing **Tice v. Johnson**, 647 F.3d 87, 104 (4th Cir. 2011)). If the motion would have had some substance, then we ask whether reasonable strategic reasons warranted not filing the motion. See **id**. at 529; **Tice**, 647 F.3d at 104-05. To satisfy the prejudice prong, the defendant must show that: (1) "the [suppression] motion was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of his trial." **Grueninger**, 813 F.3d at 525.

**United States v. Pressley**, 990 F.3d 383, 388 (4th Cir. 2021).

Here, petitioner argues that his counsel should have moved to suppress the search of his vehicle because "The application presented to the Federal Magistrate for a search warrant presented no proper cause to search the vehicle."  [Doc. 32-1 at 8].  He complains that the application "was based solely on the tip of a woman whom herself was busted for delivering drugs to this [Task Force]."  [Id.].

An attachment to the search warrant included information from the police officer that during the search of a residence in Weirton, in Hancock County, West Virginia, officers found 159.7 grams of methamphetamine and learned that the occupant had recently purchased one pound of methamphetamine from petitioner.  [Doc. 39-1 at 9]. According to the resident, petitioner was planning to drive the pound of methamphetamine to the resident on September 30, 2022.  [Id.].  Further, the officers were able to confirm petitioner's residence and a vehicle parked there that matched the description they had

been given.  [Id.].  The officers were further able to confirm that petitioner was not allowed to leave the state of Ohio due to parole requirements and thus had no reason to be in West Virginia.  [Id.].  Thus, the affidavit stated that the officer believed that if petitioner was seen driving into Weirton, West Virginia, or if he were to show up at the address at which the search had been performed, that he would likely have a substantial amount of narcotics with him.  [Id. at 9–10].

"Probable cause can be founded on information received from an informant if, in view of the totality of the circumstances, the judicial officer is satisfied with the veracity and basis of knowledge of the informant."  *United States v. Loy*, 569 F. Supp. 2d 601, 608 (N.D. W.Va. 2008) (Stamp, J.) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238.

Despite petitioner's contention, "status as a drug dealer alone" was not the basis for the warrant, and petitioner has not shown that a motion to suppress the evidence obtained from the search would have "some substance."  Accordingly, he is unable to meet the performance prong of *Strickland*.

**C.    Defense counsel did not act unreasonably in advising petitioner to enter into the plea agreement in this case.**

Also in Ground Two, petitioner alleges his counsel was ineffective by advising him to waive his right to appeal his sentence or conviction.  First, the undersigned notes that petitioner indicated at the plea hearing that he understood that he had a right to appeal

his sentence which he was giving up as a part of the plea agreement.  [Doc. 28 at 40–41].  Further, as a part of the plea agreement, the Government agreed to dismiss a charge in case number 5:22-CR-54 for possession with intent to distribute 50 grams or more of methamphetamine.  *See* [Doc. 9] and *United States v. Maddox*, 5:22-CR-54.  Thus, the undersigned finds that petitioner is unable to establish the performance prong of *Strickland*.  Petitioner stood to gain a clear benefit from entering into the plea agreement, and petitioner is clearly unable to show that advising him to enter into the plea agreement fell outside the "wide range of reasonable professional assistance."

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 5:24-CV-85 Doc. 1; Criminal Action Number 5:23-CR-9-1 Doc. 32**] be **DENIED** and **DISMISSED with prejudice**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court**, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**.  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas*

*v. Arn*, 474 U.S. 140 (1985); **Wright v. Collins**, 766 F.2d 841 (4th Cir. 1985); **United States v. Schronce**, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge's association with the civil case.

**DATED**:  August 13, 2024.

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE