IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**WILLIAM EDWARD MADDOX, JR.,**

        Petitioner,

v.

        **CRIM. ACT. NO. 5:23-CR-9**
        **CIV. ACT. NO.   5:24-CV-85**
        Judge Bailey

**USA,**

        Respondent.

## ORDER

The above-referenced cases are before this Court upon the magistrate judge's recommendation that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civ. Act. No. 5:24-CV-85, Doc. 1; Crim. Act. No. 5:23-CR-9, Doc. 32] be denied and dismissed with prejudice.

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. **Thomas v. Arn**, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. **United States v. Schronce**, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). No objections have been filed to the magistrate judge's report and

recommendation.[1]

A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Civ. Act. No. 5:24-CV-85, Doc. 7; Crim. Act. No. 5:23-CR-9, Doc. 46**] is **ADOPTED** and the Motion [**Civ. Act. No. 5:24-CV-85, Doc. 1; Crim. Act. No. 5:23-CR-9, Doc. 32**] is **DENIED** and **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED TO STRIKE** Civil Action Number 5:24-CV-85 from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to petitioner.

**DATED**: September 10, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to the R&R, "Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**." *See* [Civ. Act. No. 5:24-CV-85, Doc. 7 at 10; Crim. Act. No. 5:23-CR-9, Doc. 46 at 10].

Service of the R&R was accepted on August 19, 2024. *See* [Civil Action No. 5:24-CV-85, Doc. 8; Crim. Act. No. 5:23-CR-9, Doc. 47]. August 19, 2024, was twenty-two (22) days ago. Thus, this Court did not just wait the standard fourteen (14) days—this Court waited an additional eight (8) days before ruling on the pending R&R.